IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **DEUTSCHE BANK NATIONAL TRUST,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| **V.** § | Civil Action No. 3:13-cv-1400-M (BF) |
| § | |
| **DARIAN BROUSSARD, ET AL.,** § | |
| § | |
| **Defendants.** § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this removed civil action to the United States Magistrate Judge for pretrial management. Plaintiff Deutsche Bank National Trust Company, as Trustee for Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2006-W3 ("Deutsche Bank") has filed a Motion to Remand the case to state court. For the following reasons, the Court recommends that the Motion to Remand be GRANTED.

## Background

This case arises out of foreclosure proceedings initiated by Deutsche Bank against the real property located at 808 Caraway Lane in DeSoto, Texas (the "Property"). Deutsche Bank purchased the Property at a foreclosure sale held on August 2, 2011 and, thereafter, made written demand on all occupants of the Property, including Defendants Darian Broussard and Tederal Jefferson, to vacate the Property. When Defendants refused to vacate, Deutsche Bank brought a forcible detainer action in the Dallas County Justice of the Peace Court, Precinct 4 - Place 2. Deutsche Bank subsequently obtained a judgment in its favor, which Defendants appealed by filing an action in

Dallas County Court at Law No. 5, Cause No. CC-11-08340-E. The County Court at Law issued a Judgment of Possession in Deutsche Bank's favor on January 12, 2012.

Notwithstanding the judgment against them, Defendants filed a notice of removal purporting to remove the forcible detainer action to federal court. The District Court remanded the case to state court because federal subject matter jurisdiction was lacking and removal was improper because Defendants are Texas citizens. *See Deutsche Bank Nat. Trust Co. v. Broussard*, No. 3:12-CV-4569-N-BF, 2013 WL 655078, at *2-3 (N.D. Tex. Jan. 24, 2013), *rec. adopted*, 2013 WL 655070 (N.D. Tex. Feb. 22, 2013).

On April 8, 2013, Defendants filed another Notice of Removal again purporting to remove the forcible detainer action to federal court on grounds of federal question and diversity jurisdiction. *See* Def. Rem. Not. (Doc. 1) at 2. Deutsche Bank timely filed the instant motion to remand on grounds that there is no basis for federal question jurisdiction because the original forcible detainer action raises no federal claim and diversity jurisdiction is lacking because the amount in controversy does not exceed $75,000. Deutsche Bank further objects that removal is improper because Defendants are citizens of the State of Texas. Defendants filed a response to the motion on May 17. The issues have been fully briefed, and this matter is now ripe for determination.

## Legal Standard

Federal district courts are courts of limited jurisdiction and may hear only those cases authorized by a federal statute, treaty, or the United States Constitution. *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Where, as here, a case is removed from state court to federal court, the party seeking removal must show that "federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *see also*

*Shearer v. Sw. Serv. Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008) (removing party bears the burden of establishing federal jurisdiction). Any doubts as to the propriety of removal must be strictly construed in favor of remand. *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).

## Analysis

The Court initially observes that Defendants have failed to show that federal jurisdiction exists. A case may be removed to federal court if it is "founded on a claim or right arising under the Constitution, treaties or laws of the United States . . . ." 28 U.S.C. § 1441(b). The existence of a federal question must appear from a properly pleaded complaint. "[I]f, on its face, such a complaint contains no issue of federal law, then there is no federal question jurisdiction." *See Aaron v. Nat'l Union Fire Ins. Co.*, 876 F.2d 1157, 1160-61 (5th Cir. 1989). Whether a case arises under federal law "must be determined from what necessarily appears in the plaintiff's statement of his own claim in the [complaint] unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose." *Roman v. Aviateca*, 120 F.3d 265 (Table), 1997 WL 420177, at *3 (5th Cir. Jun. 27, 1997) (quoting *Franchise Tax Board of State of California v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 27-28 (1983)).

Defendants contend that the Court has jurisdiction over this removed action because it involves "federal questions and issues," including "the taking of real property without due process," "violating federal rules and laws," "securities, commodities, and Federal commerce issues," and civil rights violations. Def. Rem. Not. at 3. However, Deutsche Bank's forcible detainer action arises solely under Texas law. *See* TEX. PROP. CODE. ANN. § 24.001, *et seq.*; *Fed. Home Loan Mortg. Corp. v. Wyatt*, No. 3:11-CV-670-K, 2011 WL 1897497, at *1 (N.D. Tex. Apr. 29, 2011), *rec. adopted*, 2011 WL 1899520 (N.D. Tex. May 17, 2011) (forcible detainer actions are purely questions

3

of state law). No federal question is presented by the original petition, and Defendants' invocation of the United States Constitution and vague references to various federal statutes, including the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.*, the Home Ownership and Equity Protection Act, 12 U.S.C. § 1451, *et seq.*, and the Mortgage Fraud Act, 18 U.S.C. § 1006, are insufficient to support the exercise of federal question jurisdiction. *See Scojo Solutions v. Mitchell*, No. 3:12-CV-3814-M, 2012 WL 5933056, at *2 (N.D. Tex. Oct. 31, 2012), *rec. adopted*, 2012 WL 5935407 (N.D. Tex. Nov. 26, 2012) (assertion of federal claim by defendant in notice of removal will not support the exercise of federal question jurisdiction over state forcible entry and detainer action); *Bank of New York Trust Co. N.A. v. Olds*, No. 3:08-CV-0630-K, 2008 WL 2246942, at *2 (N.D. Tex. May 30, 2008) (same). Therefore, federal question jurisdiction does not exist.

Nor is removal proper based on diversity jurisdiction. In a forcible detainer action removed from state court to federal court on the basis of diversity, the amount in controversy is the value of the right to occupy or possess the property at issue. *U.S. Bank Nat'l Ass'n v. Rudd*, No. 3:10-CV-2440-L, 2011 WL 539120, at *4 (N.D. Tex. Feb. 7, 2011). Here, Defendants have wholly failed to establish the value of the right to possess the Property. That "the Original sales price and the trustees Deed from the unlawful foreclosure sale" show that the value of the Property exceeds $75,000, as alleged by Defendants in their response to Deutsche Bank's motion to remand, (Doc. 11 at 7), is not relevant to determining the amount in controversy for jurisdictional purposes.

Further, the federal removal statute provides:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2). Under the plain language of section 1441(b), an action may not be removed on the basis of diversity jurisdiction if any defendant, properly joined and served, is a citizen of the state where the plaintiff filed suit. Deutche Bank objects to removal on grounds that Broussard and Jefferson are citizens of Texas -- the same state where Deutsche Bank filed the original forcible detainer action. Thus, even if the statutory requirements of federal diversity jurisdiction are met, Defendants cannot remove the case to federal court. *Broussard*, 2013 WL 655078, at *2-3 (remanding forcible detainer action to state court because bank filed original action in same state where defendants were citizens).

Finally, the Court observes that this is the second time Defendants have attempted to remove the same forcible detainer action to federal court. On February 22, 2013, the District Court remanded Cause No. CC11-08340-E to County Court of Law No. 5, Dallas County, Texas for reasons almost identical to those set forth above. *See id.* Defendants ignored the Court's express ruling that federal jurisdiction was lacking and removal was improper when they filed their Notice of Removal in this case. Defendants should be warned that sanctions may be imposed if they continue to ignore the Court's rulings and/or file another Notice of Removal purporting to remove the forcible detainer action against them to federal court. In addition to monetary penalties, such sanctions may include an order barring Defendants from removing any forcible detainer action involving the Property to federal court without obtaining prior authorization from a district judge or magistrate judge. *See Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008).

**Recommendation**

For the foregoing reasons, the Court recommends that Deutsche Bank's Motion to Remand (Doc. 8) be GRANTED. Cause No. CC-11-08340-E should be REMANDED to County Court of Law No. 5, Dallas County, Texas. Defendants should be warned that sanctions may be imposed if they file another Notice of Removal purporting to remove the forcible detainer action against them to federal court.

Because the case should be remanded, there is no reason to consolidate it with Civil Action No. 3:13-CV-1399-M. Accordingly, the Court should DENY Defendants' Motion for Consolidation Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure (Doc. 7).

SO RECOMMENDED, May 21, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).